UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:18-cv-63173-Martinez/Snow

JERRY PAUL

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

_____/

**DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Midland Credit Management, Inc., by and through its undersigned counsel, respectfully answers Plaintiff's Complaint as follows:

**NATURE OF ACTION**

*I.  THE FAIR DEBT COLLECTION PRACTICES ACT*

1. Admitted in part, denied in part. To the extent the allegations in Paragraph 1 of Plaintiff's Complaint are consistent with the statutory language of 15 U.S.C. § 1692(e), these allegations are admitted. To the extent they are inconsistent with the statutory language of 15 U.S.C. § 1692(e), they are denied.

2. Admitted in part, denied in part. To the extent the allegations in Paragraph 2 of Plaintiff's Complaint are consistent with the statutory language of 15 U.S.C. § 1692(a) and (b), these allegations are admitted. To the extent they are inconsistent with the statutory language of 15 U.S.C. § 1692(a) and (b), they are denied.

3. Admitted in part, denied in part. To the extent the allegations in Paragraph 3 of Plaintiff's Complaint are consistent with the statutory language of 15 U.S.C. § 1692k, these allegations are admitted. To the extent they are inconsistent with the statutory language of 15 U.S.C. § 1692k, they are denied.

4. Admitted in part, denied in part. To the extent the allegations in Paragraph 4 of Plaintiff's Complaint are consistent with the statutory language of 15 U.S.C. § 1692e, these allegations are admitted. To the extent they are inconsistent with the statutory language of 15 U.S.C. § 1692e, they are denied.

5. Admitted in part, denied in part. To the extent the allegations in Paragraph 5 of Plaintiff's Complaint are consistent with the statutory language of 15 U.S.C. § 1692f, these allegations are admitted. To the extent they are inconsistent with the statutory language of 15 U.S.C. § 1692f, they are denied.

6. Admitted in part, denied in part. To the extent the allegations in Paragraph 6 of Plaintiff's Complaint are consistent with the statutory language of 15 U.S.C. § 1692g, these allegations are admitted. To the extent they are inconsistent with the statutory language of 15 U.S.C. § 1692g, they are denied.

II. **THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

7. Admitted in part, denied in part. To the extent the allegations in Paragraph 7 of Plaintiff's Complaint are consistent with the text of *Harris v. Beneficial Finance Company of Jacksonville* and *Bianchi v. Bronson & Migliaccio, LLP*, these allegations are admitted. To the extent they are inconsistent with the text of *Harris v. Beneficial Finance Company of Jacksonville* and *Bianchi v. Bronson & Migliaccio, LLP*, they are denied. Defendant denies the remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8. Admitted in part, denied in part. To the extent the allegations in Paragraph 8 of Plaintiff's Complaint are consistent with the statutory language of Fla. Stat. § 559.72, these allegations are admitted. To the extent they are inconsistent with the statutory language of Fla. Stat. § 559.72, they are denied. Defendant denies the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9. Admitted in part, denied in part. To the extent the allegations in Paragraph 9 of Plaintiff's Complaint are consistent with the text of *In re Hathcock, Heard v. Mathis,* and *Schauer v. General Motors Acceptance Corp.*, these allegations are admitted. To the extent they are inconsistent with the text of *In re Hathcock, Heard v. Mathis,* and *Schauer v. General Motors Acceptance Corp.*, they are denied. Defendant denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10. Admitted in part, denied in part. To the extent the allegations in Paragraph 10 of Plaintiff's Complaint are consistent with the statutory language of Fla. Stat. § 559.715, these allegations are admitted. To the extent they are inconsistent with the statutory language of Fla. Stat. § 559.715, they are denied. Defendant denies the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

12. Defendant does not contest the Court's jurisdiction in this case at this time.

13. Defendant does not contest the Court's jurisdiction in this case at this time.

14. Defendant does not contest venue in this case.

## PARTIES

15. Admitted upon information and belief.

16. Admitted.

17. Admitted in part, denied in part. MCM admits that it uses instrumentalities of interstate commerce and the mails while conducting its business. MCM admits that at times it collects debts. All remaining allegations in Paragraph 17 of Plaintiff's Complaint are denied.

18. Admitted.

19. Admitted in part, denied in part. Defendant admits that, at times, it is subject to the FCCPA. Because Defendant lacks sufficient knowledge and information to form a belief as to whether any given account is a "consumer" account, Defendant denies it is subject *always* subject to the FCCPA.

## FACTUAL ALLEGATIONS

20. Admitted in part, denied in part. Defendant admits Plaintiff incurred a financial obligation to Capital One Bank, N.A. Defendant denies Plaintiff's characterization of this obligation as "alleged."

21. Admitted in part, denied in part. Defendant admits Midland Funding LLC is the current creditor of the account. Defendant denies the remaining allegations in Paragraph 21 of Plaintiff's Complaint.

22. Denied. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of these allegations, and as such they are denied.

23. Denied. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of these allegations, and as such they are denied.

24. Denied. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of these allegations, and as such they are denied.

25. Denied. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of these allegations, and as such they are denied.

26. Denied. Because Defendant lacks sufficient knowledge and information to form a belief as to whether Plaintiff's account is consumer in nature, Defendant lacks knowledge as to whether it is a "debt collector" in this case as that term is defined by the 15 U.S.C. § 1692a(6) and Fla. Stat. §559.55(7). Thus, these allegations are denied.

27. Admitted.

28. Admitted.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Denied. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of these allegations, and as such they are denied.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Admitted in part, denied in part. To the extent the allegations in Paragraph 36 of Plaintiff's Complaint are consistent with the plain language of the letter, they are admitted. To the extent they are inconsistent with the plain language of the letter, they are denied.

37. Admitted in part, denied in part. Defendant admits Plaintiff has made no payments on the account in more than five years. Because Defendant lacks knowledge as to how Plaintiff defines the term "default," Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations, and as such they are denied.

38. Admitted in part, denied in part. Defendant admits that the account is time-barred. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 38, and as such they are denied.

39. Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Admitted in part, denied in part. To the extent the allegations in Paragraph 40 of Plaintiff's Complaint are consistent with the plain language of the letter, they are admitted. To the extent they are inconsistent with the plain language of the letter, they are denied.

41. Admitted in part, denied in part. To the extent the allegations in Paragraph 41 of Plaintiff's Complaint are consistent with the plain language of the letter, they are admitted. To the extent they are inconsistent with the plain language of the letter, they are denied.

42. Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint.

## VIOLATION OF THE FDCPA AND FCCPA

### I. RELATIONSHIP BETWEEN THE FDCPA & FCCPA

45. Admitted in part, denied in part. To the extent the allegations in Paragraph 45 of Plaintiff's Complaint are consistent with the text of *Read v. MFP, Inc., Brown v. Card Serv. Ctr.,* 15 U.S.C. § 1692a and State Representative No. 382, 95th Cong., these allegations are admitted. To the extent they are inconsistent with the text of *Read v. MFP, Inc., Brown v. Card Serv. Ctr.,* 15 U.S.C. § 1692a and State Representative No. 382, 95th Cong., they are denied. Defendant denies the remaining allegations in Paragraph 45 of Plaintiff's Complaint.

46. Admitted in part, denied in part. To the extent the allegations in Paragraph 46 of Plaintiff's Complaint are consistent with the text of *Drossin v. Nat'l Action Fin. Servs., Laughlin*

*v. Household Bank, Ltd.,* and Fla. Stat. § 559.77(5) these allegations are admitted. To the extent they are inconsistent with the text of *Drossin v. Nat'l Action Fin. Servs., Laughlin v. Household Bank, Ltd.,* and Fla. Stat. § 559.77(5), they are denied. Defendant denies the remaining allegations in Paragraph 46 of Plaintiff's Complaint.

## II.    THE LEAST SOPHISTICATED CONSUMER STANDARD

47.    Admitted in part, denied in part. To the extent the allegations in Paragraph 47 of Plaintiff's Complaint are consistent with the text of *Beeders v. Gulf coast Collection Bureau, Jeter v. Credit Bureau, Inc., LeBlanc v. Unifund CCR Partners* and *Douglas, Knight & Assocs. (In re Cheaves),* these allegations are admitted. To the extent they are inconsistent with the text of *Beeders v. Gulf coast Collection Bureau, Jeter v. Credit Bureau, Inc., LeBlanc v. Unifund CCR Partners* and *Douglas, Knight & Assocs. (In re Cheaves)*, they are denied. Defendant denies the remaining allegations in Paragraph 47 of Plaintiff's Complaint.

48.    Admitted in part, denied in part. To the extent the allegations in Paragraph 48 of Plaintiff's Complaint are consistent with the text of *Michael v. HOVG,* and *Bank v. Schmidt,* these allegations are admitted. To the extent they are inconsistent with the text of *Michael v. HOVG,* and *Bank v. Schmidt*, they are denied. Defendant denies the remaining allegations in Paragraph 48 of Plaintiff's Complaint.

## III.    ESTABLISHING A CLAIM FOR FDCPA AND/OR FCCPA VIOLATIONS

49.    Admitted in part, denied in part. To the extent the allegations in Paragraph 49 of Plaintiff's Complaint are consistent with the text of *Kinlock v. Wells Fargo Bank, N.A.,* these allegations are admitted. To the extent they are inconsistent with the text of *Kinlock v. Wells Fargo Bank, N.A.*, they are denied. Defendant denies the remaining allegations in Paragraph 49 of Plaintiff's Complaint.

50. Admitted in part, denied in part. To the extent the allegations in Paragraph 50 of Plaintiff's Complaint are consistent with the text of *Pescatrice v. Orovitz, P.A.,* these allegations are admitted. To the extent they are inconsistent with the text of *Pescatrice v. Orovitz, P.A.*, they are denied. Defendant denies the remaining allegations in Paragraph 50 of Plaintiff's Complaint.

51. Admitted in part, denied in part. To the extent the allegations in Paragraph 51 of Plaintiff's Complaint are consistent with the text of *Deutsche Bank Nat. Trust Co. v. Foxx* and *Bacelli v. MFP, Inc.,* these allegations are admitted. To the extent they are inconsistent with the text of *Deutsche Bank Nat. Trust Co. v. Foxx* and *Bacelli v. MFP, Inc.,* they are denied. Defendant denies the remaining allegations in Paragraph 51 of Plaintiff's Complaint.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE FDCPA**</u>

52. Paragraphs 1 through 51 of this Answer are incorporated as if fully set forth herein.

53. Defendant denies the allegations in Paragraph 53 of Plaintiff's Complaint.

***VIOLATION OF THE FDCPA- No. 1***

54. Defendant denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60. Admitted in part, denied in part. To the extent the allegations in Paragraph 60 of Plaintiff's Complaint are consistent with the text of *Pantoja v. Portfolio Recovery Assocs., LLC,* these allegations are admitted. To the extent they are inconsistent with the text of *Pantoja v.*

*Portfolio Recovery Assocs., LLC*, they are denied. Defendant denies this quote is "relevant" to this case and denies any remaining allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62. Admitted in part, denied in part. To the extent the allegations in Paragraph 62 of Plaintiff's Complaint are consistent with the text of *Pantoja v. Portfolio Recovery Assocs., LLC,* these allegations are admitted. To the extent they are inconsistent with the text of *Pantoja v. Portfolio Recovery Assocs., LLC*, they are denied. Defendant denies this quote (or, for that matter, *Pantoja* as a whole) is "relevant" to this case and denies any remaining allegations in Paragraph 60.

63. Defendant denies the allegations in Paragraph 63 of Plaintiff's Complaint.

**VIOLATION OF THE FDCPA- No. 2**

64. Defendant denies the allegations in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations in Paragraph 66 of Plaintiff's Complaint.

**VIOLATION OF THE FDCPA- No. 3**

67. Defendant denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68. Admitted in part, denied in part. To the extent the allegations in Paragraph 68 of Plaintiff's Complaint are consistent with the statutory language of Fla. Stat. §559.715, these allegations are admitted. To the extent they are inconsistent with the statutory language of Fla. Stat. §559.715, they are denied.

69. Defendant denies the allegations in Paragraph 69 of Plaintiff's Complaint.

70. Defendant denies the allegations in Paragraph 70 of Plaintiff's Complaint.

71. Defendant denies the allegations in Paragraph 71 of Plaintiff's Complaint.

*VIOLATION OF THE FDCPA- No. 4*

72. Admitted.

73. Defendant denies the allegations in Paragraph 73 of Plaintiff's Complaint.

## COUNT II
## VIOLATION OF THE FCCPA

74. Paragraphs 1 through 73 of this Answer are incorporated as if fully set forth herein.

75. Defendant denies the allegations in Paragraph 75 of Plaintiff's Complaint.

*VIOLATION OF THE FCCPA- No. 1*

76. Defendant denies the allegations in Paragraph 76 of Plaintiff's Complaint.

77. Defendant denies the allegations in Paragraph 77 of Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

78. Admitted in part, denied in part. Defendant admits Plaintiff has demanded a trial by jury. Defendant denies the existence of facts triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief, including attorney's fees and costs, as is just and appropriate.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for violation of 15 U.S.C. § 1692g for which relief might be granted because the letter at issue is not the initial communication from the Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for violation of 15 U.S.C. § 1692f(1) for which relief might be granted because compliance with Fla. Stat. § 559.715 is not a condition precedent to collection, nor can an alleged violation of Fla. Stat. § 559.715 serve as a basis for liability under the FDCPA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for violation of 15 U.S.C. § 1692f(1) for which relief might be granted because Defendant sent Plaintiff a Notice of Assignment Letter on August 24, 2015.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for violation Fla. Stat. § 559.72(9) for which relief might be granted because Defendant complied with 15 U.S.C. § 1692g by sending Plaintiff its initial communication on October 1, 2015.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims for violations of 15 U.S.C. § 1692e for which relief might be granted because the statements in the letter at issue are true.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims for violations of 15 U.S.C. § 1692e for which relief might be granted because Plaintiff's claims are premised upon the false belief that Plaintiff's debt could be revived.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims for violations of 15 U.S.C. § 1692e for which relief might be granted because neither Florida nor federal law prohibits the collection of debts which are time-barred for suit.

## SIXTH AFFIRMATIVE DEFENSE

Any claims arising from Defendant's initial communication to Plaintiff are time-barred.

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief, including attorney's fees and costs, as is just and appropriate.

Respectfully submitted,

**MESSER STRICKLER, LTD.**

By: */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
12276 San Jose Blvd.
Suite 720
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
*Counsel for Defendant*

Dated: January 23, 2019

## CERTIFICATE OF SERVICE

I certify that on January 23, 2019, a true copy of the foregoing document was served as follows:

*By CM/ECF*
Jibrael S. Hindi, Esq.
110 SE 6th St., Suite 1744
Fort Lauderdale, FL 33301
(844) 542-7235
(855) 529-9540 (fax)
jibrael@jibraellaw.com

**MESSER STRICKLER, LTD.**

By: */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
12276 San Jose Blvd.
Suite 720
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
*Counsel for Defendant*

Dated: January 23, 2019